UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

LETTER OPINION

January 30, 2007

Re:   **Tucker v. Dumont**
      No. 04-434

Dear Parties:

Pro se Plaintiff, Matthew Tucker, filed a complaint on February 3, 2004 against Defendants, Judge W. Hunt Dumont and the Clerk of the Court of the Superior Court of New Jersey, Morris County. In his complaint, Plaintiff alleged that these Defendants violated his constitutional rights by dismissing a lawsuit that he filed in the Superior Court of New Jersey. Attached to Plaintiff's complaint was an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 4, 2004, Magistrate Judge Ronald J. Hedges entered an order denying Plaintiff's application to proceed *in forma pauperis* because the Defendants were immune from suit and the Court lacked jurisdiction to hear the matter pursuant to the Rooker-Feldman doctrine. Judge Hedges's order, however, did not explicitly dismiss the complaint, although this was presumably the intended result.

Plaintiff subsequently appealed Judge Hedges's order to the Third Circuit. On October 22, 2004, Circuit Judge Richard L. Nygaard issued an order dismissing Plaintiff's appeal for lack of subject matter jurisdiction. The Third Circuit stated that Judge Hedges's order denying Plaintiff's *in forma pauperis* application was not a final order of the Court pursuant to 28 U.S.C. § 1291. It appears from reviewing the Third Circuit's order that there are two problems with Judge Hedges's decision: (1) it is not a final order from a district court which is appealable to the Third Circuit under section 1291, see Siers v. Morrash, 700 F.2d 113, 114-15 (3d Cir. 1983); and (2) Judge Hedges denied *in forma pauperis* status on grounds other than economic eligibility, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).

Plaintiff has apparently filed approximately thirty cases in this District against various state and federal employees including state court judges, federal judges, clerks of both state and federal courts, the "New Jersey Supreme Court," and former New Jersey governors and attorney generals. A review of the docket sheets in these cases reveals that most, if not all of these lawsuits were dismissed for lack of jurisdiction, dismissed for failure to state a claim, or dismissed because the defendants were immune from suit.[1]

---

[1] For example, see the docket sheets in the following civil actions filed in this Court: Tucker v. McGreevey, 02-855 (DMC) (dismissing complaint for failure to state a claim and due to judicial immunity); Tucker v. Superior Court Judges, 02-1177 (JAG) (dismissing mandamus petition for lack of jurisdiction); Tucker v. State of New Jersey, 02-1532 (GEB) (dismissing

Attached to this letter opinion is an order pursuant to which Plaintiff, if he so chooses, may pursue his appellate remedies. The Court thus reviews Judge Hedges's February 4, 2004 decision pursuant to 28 U.S.C. § 636 and L. Civ. R. 72.1(c).

First, it appears that Plaintiff's filing of this action in this Court is barred by an order entered by Judge John W. Bissell on or about November 14, 2002 in civil action no. 02-4667. Judge Bissell ordered that from that date forward, the Clerk should not accept for filing any future pleadings or civil actions from Plaintiff unless he either (1) paid the requisite docketing fee; or (2) obtained leave of Court. Plaintiff did not pay the filing fee or obtain leave of Court before submitting his complaint in this instant action on February 3, 2004.[2]

Furthermore, to the extent that this Court should excuse Plaintiff's failure to comply with Judge Bissell's bar order and, as many of the other judges who have handled Plaintiff's glutton of lawsuits have done, grant Plaintiff's *in forma pauperis* application, Plaintiff's action is subject to dismissal for the reasons pointed out by Judge Hedges in his February 4, 2004 order. Plaintiff's complaint should be dismissed pursuant to the Rooker-Feldman doctrine for lack of jurisdiction, see Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005) and pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Judge Dumont and the Clerk of the Superior Court, Morris County, are immune from suit under the circumstances present in Plaintiff's complaint, see, e.g., El-Bey v. Peer, No. 05-3765, 2006 WL 231627, at *6 (D.N.J. Jan. 30, 2006) (holding that judges and court personnel were entitled to immunity).

Therefore, Plaintiff's complaint is dismissed in its entirety with prejudice. This case is closed. The Court directs the Clerk's attention to Judge Bissell's bar order in 02-4667. It appears that Plaintiff has filed numerous lawsuits in this district, including this one, in violation of this bar order. Plaintiff's conduct is grossly wasting judicial resources and his filings should be closely monitored. An appropriate order accompanies this letter opinion.

/s/ Jose L. Linares  
UNITED STATES DISTRICT JUDGE

---

complaint for failure to state a claim); Tucker v. Falcone, 02-5046 (JCL) (dismissing complaint on grounds of absolute immunity); Tucker v. Barnave, 04-433 (JAG) (dismissing complaint for failure to state a claim); and Tucker v. Main, 04-1371 (GEB) (dismissing complaint as frivolous and for failing to state a claim).

[2] Despite various efforts, the Court has been unable to obtain a copy of Judge Bissell's November 14, 2002 bar order in Tucker v. Walsh (02-4667). The Court discerns its contents from the docket entry corresponding to the order and from Judge Bissell's order in Tucker v. Sturman (04-308) in which Judge Bissell relied on the November 14, 2002 bar order in dismissing the complaint. This bar order is further discussed in the Third Circuit's unpublished opinion in one of Plaintiff's other lawsuits, Tucker v. Ann Klein Forensic Center, 174 Fed. Appx. 695, 695 n.1 (3d Cir. Apr. 10, 2006).